IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR162 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| HILARIO FELIX, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 215) issued by Magistrate Judge Thomas D. Thalken recommending denial of the amended motion to suppress filed by the Defendant, Hilario Felix (Filing No. 177). The Defendant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 223, 224) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Felix is charged in a Superseding Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Felix seeks an order suppressing evidence obtained as a result of the wiretap interception of communications over telephone number (402)-841-4374.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he concluded: probable cause existed for issuance of the wiretap orders and, in the absence of probable cause the *Leon* good faith exception would allow the admissibility of the intercepted communications; the requirement of necessity of electronic surveillance set out in 18 U.S.C. § 2518(1)(c) was met; adequate minimization occurred, and appropriate protocols were followed; and the sealing requirement of 18 U.S.C. § 2518(8)(a) was strictly followed.

On the basis of these determinations, Judge Thalken recommended that Felix's amended motion be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the traffic stop, search, and arrest. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 199). The Court also carefully viewed the evidence (Filing No. 195). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge 's factual findings in their entirety.

## FACTUAL BACKGROUND

Judge Thalken set out a sufficiently detailed factual summary. Briefly, Special Agent Drew Armstrong testified that he was the affiant for the wiretap applications. On September 28, 2004, U.S. District Court Chief Judge Richard G. Kopf ordered interception for a period of thirty days. (Ex. 1A.) Monitoring began on September 28, 2004. On October 27, 2004, November 12, 2004, December 10, 2004, and January 7, 2005, the government obtained thirty-day extensions of the order. (Exs. 3A, 5A, 8A and 12A.) During the period of interception, the government provided interim reports to Judge Kopf.

(Exs. 2, 4, 6, 7, 9, 10, 11 and 13.)  Monitoring ceased on February 6, 2005.  On February 7, 2005, Judge Kopf ordered the recordings sealed.  (Ex. 14.)  The recordings were sealed the same day.  (Ex. 15.)  Minimization instructions are in the record.  (Ex. 16.)  Monitoring agents signed an acknowledgment that they were instructed with respect to monitoring procedures.  (Ex. 16A.)

## ANALYSIS

The Defendant objects to the following legal conclusions in the Report and Recommendation: probable cause supported the interceptions; the necessity requirement was met; intercepted communications were appropriately minimized; the tapes were timely sealed.  The objections are discussed below.

### *Probable Cause*

The affidavit supporting the issuance of the wiretap order described information received from four confidential cooperating sources.  Felix argues that probable cause was not established because Agent Armstrong lacked previous experience with three of the sources as well as other named individuals, arguing that "reliability can only be established through a track-record of previously viable and verified information."  With respect to Source 2, Felix argues that although the source has previous FBI experience the affidavit does not describe the source's "track-record" with any specificity.  Felix argues that Source 2's deception during the government polygraph supports his argument.  Although the affidavit states that the information sought in the polygraph questions to which deceptive answers were given was corroborated by other means, the affidavit does not specify how the information was corroborated or by whom.  Otherwise, Felix generally states that "the veracity of other sources of information is in question."  (Filing No. 224, at 7-8.)

3

Analogous to the search warrant context, probable cause exists in a wiretap application if the totality of the circumstances shows a fair probability that a wiretap will reveal evidence of a crime. *United States v. Fairchild,* 189 F.3d 769, 775 (8th Cir. 1999). In this case, the thirty-nine page affidavit describes several individuals believed to have committed controlled substance violations and provides the cellular telephone number allegedly used in connection with the suspected offenses.

The affidavit states that Source 1 did not have an ongoing relationship with the FBI, but adds that some of the information Source 1 provided had been corroborated. Turning to Source 2, the affidavit set out two polygraph questions that showed deception. However, the affidavit states that despite the polygraph result much of the information provided by Source 2 has been corroborated by "other investigative techniques, including interviews, surveillance, controlled drug buys, and telephone analysis, as detailed further in [the] affidavit." (Filing No. 194, Ex. 1, Aff., ¶ 15.) The affidavit states that Source 3 had a history of working with the Nebraska State Patrol. Source 3 previously made a controlled buy that resulted in a federal indictment. (*Id.*, ¶ 22.) Source 4 appeared to be a new source to the FBI and other law enforcement agencies. (*Id.* ¶ 23.) The affidavit also sets out information obtained from named sources.

In summary, the affidavit adequately sets out sufficient probable cause indicating that certain individuals were involved in criminal activity. Insofar as Felix's arguments to argue the truthfulness of the information in the affidavit relating to the corroboration of some of the informants, Felix appears to attack the veracity of the affidavit. The Court must make a probable cause determination based only on information within the four

corners of the affidavit. Concerns relating to veracity must be decided pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978). Felix has not requested a *Franks* hearing.

For these reasons, Felix's challenge to the probable cause requirement of 18 U.S.C. § 2518(3) is denied.

### *Necessity*

Felix argues that the initial application and the subsequent extension application do not adequately satisfy the necessity requirement of the wiretap statute. Specifically, the statute requires "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonable appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). The purpose of the necessity requirement is to avoid wiretaps being used as an initial investigatory step. *United States v. Jackson,* 345 F.3d 638 (8th Cir. 2003).

In this case, the affidavits supporting the initial application and the extension application listed eight alternative investigatory techniques, including information as to why the technique failed or cannot be used in this particular case. (Ex. 1, Aff., ¶ 61; Ex. 3, Aff., at ¶ 76.) The Court rejects Felix's argument that the affidavits lack sufficient detail. Therefore, the necessity requirement of § 2518(1)(c) has been met, and the objection is denied.

### *Minimization*

Referring to the Fifteen Day Report, Felix notes that approximately 92% of the phone calls were noncriminal, only 7.7% were found to be noncriminal in nature. Felix

argues that the discrepancy between these figures illustrates that agents did not make reasonable efforts at minimization as required by 18 U.S.C. § 2518(5).

Section 2518(5) does not forbid the interception of all nonpertinent conversations, but rather it requires agents to minimize the interception of such conversations. *United States v. Padilla-Pena,* 129 F.3d 457, 464 (8th Cir. 1997). Sometimes agents are confronted with cases in which it is difficult, if not impossible, for them to develop a category of innocent calls that do not require interception, Particularly where the nature of calls might be ambiguous until the entire conversation is heard, or where the alleged conspiracy involves a number of people, it is reasonable that many more calls be intercepted. *Scott v. United States,* 436 U.S. 128, 141-42 (1978).

Turning to this case, the alleged conspiracy involves a number of people. Code words were often used for drugs. The alleged co-conspirators had relationships with each other besides "drug" relationships. Therefore, under the particular facts of this case the minimization requirement set out in § 2518(5) was met. *See United States v. Jones,* 801 F.2d 304, 315 (8th Cir. 1986) (stating that due to the nature of the charges, the number of people involved, and the use of code words, the district court's conclusion that a good-faith effort to minimize calls was not clearly erroneous). The objection is denied.

### *Sealing*

The wiretap statute requires that recordings be immediately presented to the issuing judge upon expiration of the period of the order and sealed pursuant to the judge's direction. 18 U.S.C. § 2518(8)(a).

Monitoring ceased on February 6, 2005. The recordings were presented to Judge Kopf on February 7, 2006, and sealed the same day. Therefore, the sealing requirement was strictly applied. Citing no authority, Felix argues that the government had a responsibility to seal the records thirty days after the last interception, which Felix states occurred on January 8, 2005. (Filing No. 224, at 13.)[1] Felix's argument is rejected, as the recordings were sealed well within the contemplated statutory time period. The objection is denied.

## CONCLUSION

For the reasons discussed, the Defendant's objections are denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 215) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 223) is denied; and

3. The Defendant's Motion to Suppress (Filing No. 177) is denied.

DATED this 24th day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] The Court notes an intercepted conversation on January 17, 2005. (Ex. 13.)